Case 4:23-cv-00111   Document 6   Filed on 03/27/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD THOMAS DRAKOS II, SPN #244337 | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. H-23-111 |
| ERIC FAGAN, | § § § | |
| Respondent. | § § | |

## ORDER

Ronald Thomas Drakos II, a pretrial detainee at the Fort Bend County Jail, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket Entry No. 1). Drakos represents himself. On January 26, 2023, the Clerk's Office entered a notice of deficient pleading instructing Drakos to file a certified statement of his inmate trust account within 30 days. The notice of deficient pleading was returned as undeliverable, stating that Drakos was no longer at the jail. (Docket Entry No. 5). Drakos has not otherwise complied with the Clerk's directive.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b). "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 F. App'x 809, 815 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *see also Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) (explaining that a district court may dismiss an action for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action for failure to comply with court orders).

Drakos's failure to comply with the notice of deficient pleading forces the court to conclude that he lacks diligence in prosecuting this action. Therefore, under the court's general power to manage its docket, this case is dismissed without prejudice for want of prosecution. The application for leave to proceed without prepayment of the filing fee, Docket Entry No. 2, is denied without prejudice. Drakos is advised that he may obtain relief from this order if he makes a proper showing under Rule 60(b) of the Federal Rules of Civil Procedure. At a minimum, a proper showing under Rule 60(b) includes submission of a certified statement of his inmate trust account.

SIGNED on March 27, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge